# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 93-30010 |
| ) | |
| HARRISON RICHARD KING, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

On September 3, 2024, Defendant filed a Motion for Reduction of Sentence, pursuant to Section 404(b) of the First Step Act. (d/e 214). On September 5, 2024, the Government filed its response and argues that Defendant's motion should be denied as the Court has previously considered motions for reduction from the Defendant under the First Step Act and various Sentencing Guideline Amendments. (d/e 216). Additionally, the Government posits that, even if the Court were to consider the merits of a First Step Act motion, no relief should be granted given the specific circumstances of the Defendant.

For the following reasons, Defendant's Motion for Reduction of Sentence is DENIED.

## BACKGROUND

In January 1993, a seventeen-count Indictment was filed charging Defendant Harrison Richard King with multiple felonies regarding engaging in a criminal enterprise. It was alleged, from on or about January 1990 to May 14, 1992, Defendant acted in concert with at least five other individuals, with whom Defendant occupied a position of control as an organizer/supervisor of the various criminal activities from which Defendant derived substantial income in violation of 21 U.S.C. § 848(a). After trial, a jury returned a verdict of guilty on all counts except Count 7, which was dismissed on the Government's motion at trial. On December 2, 1994, Defendant was sentenced to life imprisonment on Counts 1-3; 20 years each on Counts 4 and 6; and 40 years on Counts 8, and 8-18. Defendant was held responsible for distributing and possessing with the intent to distribute 62.10 kilograms of cocaine and 5.0 kilograms of cocaine base.

Thereafter, Defendant has filed, and the Court has denied two petitions pursuant to 28 U.S.C. §2255 filed by the Defendant.

Additionally, the Court has denied two motions by the Defendant to reduce his sentence. The first, in 2008, was filed pursuant to the retroactive cocaine guideline Amendment 706 and the second, in 2012, was filed under 18 U.S.C. § 3582 on the retroactive amendment to the crack cocaine guidelines. (July 16, 2008 Text Order, d/e 175).

In 2021, Defendant filed a Motion for Compassionate Release pursuant to the First Step Act, (d/e 189) which was denied in December 2021 (d/e 198). Specifically, the Court noted that the "Court recognizes that the statutory penalties for some of King's offenses have been reduced. However, the guideline range of life for Counts 1 and 2 for violations of 21 U.S.C. §848 and Count 3 for a violation of 18 U.S.C. §1959, murder in furtherance of a criminal enterprise, has not changed." (d/e 198, p. 7-8).

## ANALYSIS

On September 3, 2024, Defendant filed the instant Motion for Reduction in Sentence, arguing that pursuant to Section 404(b) under the First Step Act he is deserving of a reduction in sentence. (d/e 214). Specifically, Defendant argues that the relatively small amount of crack cocaine he was held responsible for makes him

eligible for a reduction. Further, Defendant argues that his rehabilitation efforts over the last 30 years support a reduction at this juncture. The Government, in turn, asks this Court to deny Defendant's motion, as the Court in 2021 denied a motion pursuant to the First Step Act on the merits and because the Section 3553(a) factors weigh against a release.

    I.    The Court Previously Denied a Motion for Relief under the First Step Act.

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, may the court reduce the sentence? And second, should the court reduce the sentence?" *United States v. Shaw,* 957 F.3d 734, 736 (7th Cir. 2020). The Supreme Court in interpreting Section 404(c) of the First Step Act, has found a "district court may not consider a First Step Act motion if the movant's sentence was already reduced under the Fair Sentencing Act or if the court considered and rejected a motion under the First Step Act." *Concepcion v. United States*, 597 U.S. 481, 483 (2002).

Here, the motion filed by Defendant's prior attorney in January 2021, set forth much of the same information as the instant motion.

Each requests the same relief and references the same section of the First Step Act. (d/e 189, pp. 6-9, d/e 214). In the 2021 Motion, Defendant sought a reduction in sentence, heavily relying on *United States v. Luna*, in asking the Court to not only reduce his sentence but also noting a court's ability to resentence on both covered and non-covered offenses pursuant to the First Step Act. (d/e 189, pp. 6-8). *United States v. Luna*, 2020 U.S. Dist. LEXIS 14545 (D. Conn. Jan. 29, 2020). Defendant clearly utilized First Step Act case law and analysis in support of his 2021 motion, along with the factors relevant to a discretionary reduction applicable to the First Step Act.

Judge Mills, in denying Plaintiff's 2021 Motion, considered and rejected not only a compassionate release argument, but also First Step Act arguments. The Court, in its Order and Opinion, noted that, although the statutory penalties for at least some of the drug counts had been reduced, because the guidelines and statutory penalties for the continuing criminal enterprise counts had not changed, the Court would not exercise its discretion and reduce the Defendants sentence. (d/e 198, pp. 7-8).

Given this Court's prior findings, the Court finds that Defendant has filed a motion pursuant to the First Step Act that may foreclose

him from a second motion or review per *Concepcion*. However, the Court will briefly discuss the merits of Defendant Motion for Reduced Sentence.

>  II. Defendant's Motion for Reduction Pursuant to the First Step Act is Denied as the Section 3553(a) Factors Do Not Warrant a Reduction.

If Defendant were indeed entitled to file a motion specifically directed at First Step Act relief, this Court declines to exercise its jurisdiction to reduce Defendant's sentence, so his motion is DENIED.

Solely because a Defendant seeks section 404 relief does not require a court to reduce a sentence under section 404(b). *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). When deciding whether to reduce the sentence of an eligible defendant, the court may consider the § 3553(a) sentencing factors, the current Guidelines, the defendant's post-sentencing conduct, and other relevant information about the defendant's history and conduct. *United States v. Clay*, 50 F. 4th 608, 612 (7th Cir. 2022).

Here, Defendant has moved for a sentence reduction based on his cocaine-base offense, which he argues is covered by the First Step

Act and allows for a shorter sentence. As this Court has found previously, Defendant is eligible for a discretionary sentence reduction on all counts because he has been convicted of at least one covered offense under §404 of the First Step Act, specifically Count 18. However, the most serious of Defendant's convictions, regarding a continuing criminal enterprise, is not a covered offense under the First Step Act. *United States v. Colon*, 100 F.4th 940 (7th Cir. 2024). Further, Defendant's guideline calculations at this time would remain above 43, resulting in a guideline sentence of life imprisonment. The statutory range of imprisonment remains unchanged at 240 months to life imprisonment.

When considering the § 3553(a) factors, the factors do not support a sentence reduction. In October 1991, Clifton Jefferson was killed after the Defendant ordered a hit on him. *See* Presentence Investigation Report. This murder was committed in response to Clifton Jefferson disrespecting the Defendant 10 months earlier by robbing a drug house under Defendant's control. The Defendant carefully crafted a plan to get close to Clifton Jefferson and paid approximately $3,000 to a coconspirator, then helped clean up the vehicle where the murder occurred and disposed of other evidence.

The facts that tell the story of only three of the counts that Defendant was convicted of, do not favor a reduction in sentencing. Specially, Defendant's disposal of evidence and tricking Clifton Jefferson into the car of the individual Defendant hired to kill Jefferson. Further, the Defendant's drug convictions were substantial and involved the selling of illicit substances to adults and children alike. This drug network moved large weights throughout this District and beyond, during which time Defendant was the leader and organizer. This included seeking multiple suppliers to fuel this drug conspiracy outside of this District to ensure that the network would continue running when other sources dried up.

Defendant, in turn, urges this Court to reduce his sentence given the disparity in crack cocaine sentences in 1993 versus today. Defendant also argues that he was 19 and 20 when charged with the crimes that form the basis of his convictions and that the "New Youth Act" should be considered. In addition, Defendant provides the Court with certificates of various classes and certifications he has earned while incarcerated. (d/e 214, Exhibit A). Last, Defendant notes he has reflected over the 372 months of his incarceration on his life and notes he has changed for the better.

The Court has previously noted that, regarding Count 18, the sentencing guidelines have changed and that is a covered offense under the First Step Act and provides a vehicle for Defendant to seek a discretionary sentence reduction, which has led him here. However, the remainder of Defendant's arguments are unpersuasive.

Defendant argues his age was a significant factor in making bad decisions in the past. Defendant was born in early 1970 and, although many of the drug offenses were committed between 1990 to 1993, the most serious of his convictions regarding the murder of Clifton Jefferson occurred in October 1993 after Defendant reached the age of 21. The "New Youth Act" Defendant refers to is likely Public Act 102-1128 which abolished all life-without parole sentences for children under 18. Pub Act 102-1128, 2023. Defendant was not under the age of 18 when Clifton Jefferson was murdered.

The Court notes that Defendant says he has taken time to reflect on his past choices and has participated in attempts to better himself. However, the nature and circumstances of the instant offenses, Defendant's history and characteristics, the need for the sentence imposed to promote respect for the law and to provide just punishment for the offenses simply do not favor a reduction in this

matter. Last, in considering the facts and history and circumstances of the Defendant, the Court finds that the public requires protection from future crimes of the Defendant.

The Court finds no basis to reduce the Defendants sentence. Therefore, Defendant's pro se Motion to Reduce (d/e 214) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: September 16, 2024.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**